United States District Court
for the
Southern District of Florida

| Kathleen Forbes and others, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-81225-Civ-Scola |
| | ) | |
| Wal-Mart Stores, Inc., Defendant. | ) | |

## Order Granting in Part and Denying in Part Motion to Dismiss

This case is an offshoot of the underlying complaint addressed by the United States Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). In *Dukes*, the Supreme Court reversed the certification of a nationwide class of female Wal-Mart employees claiming gender discrimination. The Plaintiffs here, Kathleen Forbes, Linda Ray, Judith Danneman, and Edna Remington, having dropped the class claims alleged in their initial complaint, now seek redress individually. In their amended complaint (Am. Compl., ECF No. 26), the Plaintiffs, variously, lodge four counts under Title VII: in count one, Ray, Danneman, and Remington allege disparate treatment in Wal-Mart Region 10; in count two, Forbes alleges disparate treatment in Sam's Club Region 6; in count three, Ray, Danneman, and Remington allege disparate impact in Wal-Mart Region 10; and, in count four, Forbes alleges disparate impact in Sam's Club Region 6. Wal-Mart contends the amended complaint should be dismissed for its failure to state a claim. (Def.'s Mot., ECF No. 29.) According to Wal-Mart, the Plaintiffs' claims fail because their pattern-or-practice theory of liability is unavailable in individual Title VII suits; their claims about 2004 and 2006 changes in Wal-Mart's pay structure are untimely and not administratively exhausted; and the action is barred by the Plaintiffs' failure to diligently pursue their administrative claims. After careful review, the Court **grants** Wal-Mart's motion **in part** and largely **denies it in part** (**ECF No. 29**). Further, as explained in more detail below, the Court also enters an **order to show cause**.

1. **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the

legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**2. Discussion**

**A. Pattern and Practice Allegations**

To begin with, Wal-Mart argues that, to the extent counts one and two amount to pattern-and-practice claims, they should be dismissed because such claims cannot be raised outside of the class-action context. As far as the argument goes, the Court agrees: the Plaintiffs cannot proceed on any pattern-or-practice claim and thus, to the extent they seek relief on this basis, such causes of action are dismissed for their failure to state a claim. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 964 (11th Cir. 2008) ("a pattern or practice claim can only be maintained as a class action").

Wal-Mart additionally argues the "Plaintiffs cannot rely on a pattern-or-practice theory of proof to satisfy or alter their own burden to make a prima facie case under the *McDonnell-Douglas* framework." (Def.'s Mot. at 13.) While this may be true, it is an argument better raised during summary-judgment briefing or in a motion in limine prior to trial. Notably absent from Wal-Mart's argument is any contention that the Plaintiffs' claims rest *solely* on this theory.[1]

Notably, Wal-Mart does not argue that counts one and two otherwise fail to state a claim for disparate treatment. And as the Plaintiffs maintain, they "have stated claims of intentional discrimination, . . . have submitted allegations

---

[1] In its reply, Wal-Mart, for the first time, urges the Court to strike the amended complaint's references to pattern-or-practice allegations. The Court will not consider arguments, never mind requests for relief, presented for the first time in a reply.

of their own qualifications, of the better treatment afforded to similarly situated men, and of a variety of evidence that supports the conclusion that [Wal-Mart's] basis for treating [the] Plaintiffs less favorably than their male peers was their gender." (Pls.' Resp. at 13.) Since Wal-Mart has not rebutted the Plaintiffs' arguments, the Court declines to dismiss either count one or two in their entireties: even discounting the patter-or-practice allegations, the amended complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp*, 550 U.S. at 570).

### B. 2004 and 2006 Pay Restructuring Allegations

In their amended complaint, the Plaintiffs point to changes Wal-Mart made to its pay structure in 2004 and 2006. According to the Plaintiffs, the 2004 and 2006 pay restructurings adversely impacted female employees and were not justified by any business necessity. (Am. Compl. at ¶¶ 50–51, 58, 179.) Wal-Mart protests the Plaintiffs' reliance on these restructurings because (1) these allegations were not contemplated in the *Dukes* case, in which the last amended complaint was filed on September 12, 2002, and therefore could not have been tolled;[2] and (2) these 2004 and 2006 allegations go beyond the scope of the applicable EEOC charges. (Def.'s Mot. at 15–19.) Missing, however, from Wal-Mart's motion, is any suggestion that any of the Plaintiffs' claims actually hinge solely on the 2004 and 2006 pay restructurings. In fact, Wal-Mart doesn't even specify any particular claim that should be dismissed and instead blanketly contends "[the Plaintiffs'] claims should be dismissed" and "all of these claims must be dismissed." (*Id.* at 14, 19.) Wal-Mart's argument, as it stands, does not support the dismissal of the entirety of the Plaintiffs' complaint.

Thus, even though the Court likely, in the end, agrees with Wal-Mart—that the Plaintiffs cannot "benefit from tolling under *American Pipe*" unless "claims in a subsequent individual suit . . . 'concern the same evidence, memories, and witnesses' as the earlier class action"—its argument regarding the 2004 and 2006 restructuring allegations is more appropriately raised in a motion for summary judgment or in a motion in limine. (Def.'s Mot. at 8 (quoting *Coon v. Ga. Pac. Corp.*, 829 F.2d 1563, 1571 (11th Cir. 1987); *see also In re Chiquita Brands Intern., Inc. Alien Tort Statute & S'holder Derivative Litig.*, 690 F. Supp. 2d 1296, 1305 (S.D. Fla. 2010), *on reconsideration in part*, 08-01916-MD, 2015 WL

---

[2] On August 19, 2011, the district court in the Northern District of California issued an order tolling the limitation period, affording the Plaintiffs here, among others, until May 25, 2012 to file their EEOC charges. (Am. Compl. at ¶ 5.)

71562 (S.D. Fla. Jan. 6, 2015) (Marra, J.) ("the doctrine of equitable tolling suspends the statute of limitations once a claim has accrued.").)

### C. Laches

Lastly, while acknowledging the Plaintiffs timely filed their EEOC charges, Wal-Mart nonetheless complains the Plaintiffs failed to diligently prosecute those claims once filed. (Def.'s Mot. at 20.) According to Wal-Mart, the "Plaintiffs cannot file charges with the EEOC and then let them remain fallow for *years*, only requesting right-to-sue letters when it becomes tactically advantageous to do so." (*Id.* (emphasis in original).) Wal-Mart's argument appears to hinge, at least in part, on its insistence that "the facts of this case demonstrate, beyond dispute, that the EEOC would have issued a right-to-sue letter for these [Plaintiffs] upon request." (Def.'s Reply. at 13.) In response, the Plaintiffs defend their actions, insisting "[i]t was reasonable for [them] to rely upon a pending class case rather than trying to rush the EEOC to complete its investigation" and that it was reasonable for them "to expect an EEOC investigation would take considerable time given that the[ Plaintiffs'] charges alleged systemic pattern or practice and disparate impact." (Pls.' Resp. at 19.) Further, the Plaintiffs maintain "they cooperated with the EEOC and provided additional information as it was requested during the time their charges were pending." (*Id.*) Once again, Wal-Mart appears to raise an argument better addressed in the context of a summary-judgment motion: the issues raised clearly implicate factual issues that cannot be resolved on a motion to dismiss for a failure to state a claim.

### D. Statute of limitations

On the other hand, upon an independent review of the record, the Court finds the bare allegations of the amended complaint appear to be barred by the applicable statute of limitations based on when the Plaintiffs' complaint was filed in relation to when the EEOC issued the Plaintiffs' right-to-sue letters.

Notably, an action brought pursuant to Title VII must be filed within 90 days of the receipt of the EEOC's right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1); 29 C.F.R. § 1614.407; *Stallworth v. Wells Fargo Armored Serv. Corp.,* 936 F.2d 522, 524 (11th Cir. 1991); *see also Brown v. Consol. Freightway,* 152 F.R.D. 656, 658–59 (N.D. Ga. 1993) (recommending dismissal of Title VII complaint when plaintiff filed suit 91 days after receipt of EEOC right-to-sue letter). The relevant right-to-sue notices, attached to the amended complaint, all indicate they were issued on November 6, 2015. The letters themselves all clearly state that any lawsuit "must be filed . . . <u>WITHIN 90 DAYS</u> of . . . receipt of this notice." (Am. Compl., Exs. C, E, H, and J (emphasis as in original).) This means that, unless

the limitations period was otherwise tolled, the Plaintiffs were required to initiate their lawsuits by February 4, 2016. The Plaintiffs did not file their lawsuit, however, until November 6, 2017.

Glaringly, nothing in the amended complaint itself addresses this gap. After a careful review of the record, however, the Court notes the Plaintiffs, in a footnote in their *initial* complaint, explained, "The parties entered into a Tolling Agreement on these Rights to Sue *on or about* February 3, 2016, which has been subsequently extended by Agreement between the parties through the present." (Compl., ECF No. 1, 4 n. 1 (emphasis added).) Standing alone, however, this does not assure the Court that the Plaintiffs' lawsuit has been timely commenced. First, the Plaintiffs make no mention of this agreement in their amended complaint. Further, troublesome questions linger: When was the putative tolling agreement actually executed? Was the agreement, in fact, effective in tolling the limitations period? Does the amended complaint sufficiently relate back to take advantage of the agreement?

To address these questions, the parties are **ordered to show cause** why the amended complaint should not be dismissed when the face of the amended complaint shows that it was filed beyond the relevant statute of limitations: that is, more than 90 days after the EEOC's right-to-sue letters were issued. If the parties are in agreement on this issue, they must issue a joint response, not to exceed five pages. If they do not agree, they must each submit a separate response, also not to exceed five pages, individually. Whether joint or separate, the parties' responses are due on or before **Monday, March 18, 2019**.

### 3. Conclusion

Consistent with the foregoing, the Court **grants in part and**, largely, **denies in part** Wal-Mart's motion to dismiss (**ECF No. 29**). The parties' responses, not to exceed five pages, to the Court's **order to show cause** are due by **March 18, 2019**. Finally, Wal-Mart must respond to the amended complaint by **March 25, 2019**.

**Done and ordered**, at Miami, Florida, on March 12, 2019.

Robert N. Scola, Jr.
United States District Judge