UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-cv-81225-Scola/Matthewman

KATHLEEN FORBES, et al.,

        Plaintiffs,

v.

WAL-MART STORES, INC.,

        Defendant.

## JOINT RESPONSE TO ORDER TO SHOW CAUSE

In its March 12, 2019 order, the Court directed the parties to address whether "the amended complaint should not be dismissed when the face of the amended complaint shows that it was filed beyond the relevant statute of limitations: that is, more than 90 days after the EEOC's right-to-sue letters were issued." DE 53 at 5. The parties are in agreement on this issue, and, pursuant to the Court's order, submit the following joint response:

*The Tolling Agreements and the Original Complaint*

As the Court observed, Title VII sets the deadline for filing suit at 90 days after the receipt of right-to-sue notices from the EEOC. Plaintiffs' notices were all issued on November 6, 2015. DE 1-4, 1-6, 1-9, 1-11 (notices). Accordingly, the relevant deadline, absent tolling, was February 4, 2016. DE 53 at 4–5; *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982) (90-day provision is non-jurisdictional requirement subject to waiver); *Terrell v. Paulding Cty.*, 539 F. App'x 929, 931 n.2 (11th Cir. 2013) (finding statute of limitations in Section 1983 case "inapplicable" due to tolling agreement).

1

Prior to February 4, 2016, this Court denied Plaintiffs' motion to intervene in the predecessor *Love* case, and they noticed an appeal. Then, on February 3, 2016, Plaintiffs and Walmart both executed an agreement to "provid[e] an opportunity to explore the possible resolution of the Claims," and tolling the 90-day deadline until "30 days after the current [*Love*] Appeal is resolved and the case remanded to the District Court or otherwise terminated." *See* Ex. A at 2, 3. Under the agreement, the parties agreed not to assert any defense "based on running during the Tolling Period of any Limitations Period within which the Claims can be brought," but also that the agreement "shall not revive any claim or any damages that is/are already time-barred as of the Effective Date of this Agreement." *Id.* at ¶¶ 5–6.

On August 3, 2017, the Eleventh Circuit dismissed the appeal in *Love*, meaning that under the initial agreement the tolling period would end on Tuesday, September 5, 2017. (The thirtieth day, September 2, 2017, was the Saturday of Labor Day weekend.) On August 22, 2017 and August 28, 2017, Walmart and Plaintiffs (respectively) signed an agreement providing that "the tolling period shall be extended for 30 days, up to and including October 5, 2017." *See* Ex. B. The parties subsequently agreed to another extension, signed by Walmart on September 28, 2017, and by Plaintiffs on September 29, 2018. *See* Ex. C. That document provided that the "tolling period shall be extended for 32 days, up to and including Monday, November 6, 2017." *Id.* Plaintiffs filed the Complaint on November 6, 2017. DE 1.

As demonstrated by the motion to dismiss briefing, the parties disagree on what portions, if any, of the present claims would have been timely had the Complaint been filed by February 4, 2016 (the original 90-day deadline). However, due to the tolling agreements described above, the parties agree that to the extent Plaintiffs' claims would have been timely on February 4, 2016, they were still timely when the original Complaint was actually filed on November 6, 2017.

Plaintiffs further state due to scrivener's error by their counsel, the Amended Complaint failed to include the references to these tolling agreement and extensions that appeared in the original Complaint.

*Relation Back of the First Amended Complaint*

Additionally, the parties agree that the First Amended Complaint (DE 26) relates back to the date of filing of the original Complaint. As Walmart stated in its motion to dismiss, the amended complaint "is a lightly edited version of the[] original complaint (DE 1), dropping the claims for classwide relief and the references to the recently dismissed individuals, but materially identical in its factual assertions and legal theories." DE 29 at 6; *see also* DE 29-1 (redline comparing Complaint with the First Amended Complaint). Accordingly, they agree the First Amended Complaint is equally timely (or untimely) as the original Complaint.

Respectfully submitted this 18th day of March, 2019.

| | |
|---|---|
| /s/ Cathleen A. Scott | /s/ Scott A. Forman |
| Cathleen A. Scott | Scott A. Forman (FL Bar No. 0065950) |
| Email: Cscott@scottwagnerlaw.com | Email: SForman@littler.com |
| Lindsey Wagner | **LITTLER MENDELSON, P.C**. |
| Email: LWagner@scottwagnerlaw.com | 333 S.E. 2nd Avenue, Suite 2700 |
| **SCOTT WAGNER AND ASSOCIATES, P.A.** | Miami, FL 33131 |
| 250 South Central Blvd., Suite 104-A | Telephone: 305.400.7511 |
| Jupiter, FL 33458 | Facsimile: 305.603.2552 |
| Telephone: (561) 653-0008 | |
| Facsimile: (561) 653-0020 | Rachel S. Brass *(pro hac vice)* |
| | Email: Rbrass@gibsondunn.com |
| Joseph M. Sellers | **GIBSON DUNN & CRUTCHER LLP** |
| Email: JSellers@cohenmilstein.com | 555 Mission Street, Suite 3000 |
| Christine E. Webber | San Francisco, CA 94105-0921 |
| Email: CWebber@cohenmilstein.com | Telephone: 415.393.8293 |
| **COHEN MILSTEIN SELLERS & TOLL, PLLC** | Facsimile: 415.374.8429 |
| 1100 New York Avenue NW, Suite 500 West | |
| Washington, DC 20005 | *Attorneys for Defendant Wal-Mart Stores, Inc.* |
| Telephone: (202) 408-4600 | |
| Facsimile: (202) 408-4699 | |

Leslie M. Kroeger
Email:  LKroeger@cohenmilstein.com
Diana L. Martin
Email:  DMartin@cohenmilstein.com
**COHEN MILSTEIN SELLERS &**
   **TOLL, PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone:  (561) 515-1400
Facsimile:  (561) 515-1401

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2019, the foregoing *Joint Response to Order to Show Cause* was electronically filed with the Clerk of Court using CM/ECF, and the foregoing document is being served on all counsel of record identified on the attached Service List by operation of the Court's electronic filing system.

                                                                  */s/ Scott A. Forman*
                                                                  Scott A. Forman

## SERVICE LIST

**Counsel for Plaintiffs**

Lindsey Wagner, Esq.
LWagner@scottwagnerlaw.com
Cathleen Scott, Esq.
CScott@scottwagnerlaw.com
**SCOTT WAGNER AND
ASSOCIATES, P.A.**
Jupiter Gardens
250 South Central Boulevard, Suite 104
Jupiter, FL 33458

Leslie M. Kroeger, Esq.
LKroeger@cohenmilstein.com
Diana L. Martin, Esq.
DMartin@cohenmilstein.com
**COHEN MILSTEIN SELLERS &
   TOLL, PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410

Joseph M. Sellers, Esq.
JSellers@cohenmilstein.com
Christine E. Webber, Esq.
CWebber@cohenmilstein.com
**COHEN MILSTEIN SELLERS &
   TOLL, PLLC**
1100 New York Ave NW, Suite 500 West
Washington, DC 20005

**Counsel for Defendant**

Scott A. Forman, Esq.
Email: SForman@littler.com
**LITTLER MENDELSON, P.C**.
333 S.E. 2nd Avenue, Suite 2700
Miami, FL 33131

Rachel Brass, Esq.
RBrass@gibsondunn.com
**GIBSON, DUNN & CRUTCHER, LLP**
555 Mission Street
San Francisco, CA 94105-0921