IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9-17-CV-81225-RNS

KATHLEEN FORBES, *et al.*,

    Plaintiffs,

v.

WAL-MART STORES, INC.,

    Defendant.

_____/

**DEFENDANT WAL-MART STORES, INC.'S MOTION IN LIMINE AND INCORPORATED MEMORANDUM OF LAW**

    Defendant WAL-MART STORES, INC. ("Walmart" or "Defendant"), pursuant to this Court's October 2, 2018 Scheduling Order (ECF 38), hereby files this Motion in Limine and Incorporated Memoranda of Law and states as follows:

    1.    Plaintiffs[1] filed their initial Complaint in this action against Walmart on November 6, 2017, including class and individual claims of discrimination in pay and in promotional opportunities on the basis of gender, allegedly occurring between 2000 and 2004.

    2.    On July 25, 2018, Plaintiffs filed their Amended Complaint, the operative pleading in this case. After numerous unsuccessful attempts to state a wide variety of claims in this Court, the Amended Complaint only raises the following individual claims:

        Count I – Violation of Title VII – Disparate Treatment in Pay and Promotional Practices for Plaintiffs Ray and Remington

        Count II – Violation of Title VII – Disparate Treatment in Pay and Promotional Practices for Plaintiff Forbes

        Count III – Violation of Title VII – Disparate Impact in Pay and Promotional Practices for Plaintiffs Ray and Remington

---

[1] There are three remaining Plaintiffs: Kathleen Forbes, Linda Ray and Edna Remington.

    Count IV – Violation of Title VII – Disparate Impact in Pay and Promotional Practices for Plaintiff Forbes

3. Walmart's Motion for Summary Judgment (ECF 90) seeking judgment on all claims is fully briefed and currently pending.[2]

4. Any claims surviving summary judgment are set for trial during the two-week trial period beginning on September 16, 2019. (ECF 38).

5. As more fully set forth in the Memorandum of Law below, Walmart seeks to exclude and/or limit the following evidence during the trial of this matter:

(a) Evidence, testimony or argument regarding alleged discriminatory acts allegedly taken with respect to any other Walmart associate, such that each Plaintiff is limited to presenting evidence, testimony, or argument specific to herself;

(b) Evidence, testimony or argument referring to improper comparator data;

(c) Evidence from testimony by, or argument relating to lay witnesses who were not properly disclosed;

(d) Evidence from, testimony by, or argument relating to expert witnesses who were not properly disclosed, specifically including Dr. Richard Drogin;

(e) Deposition transcripts from other matters as substantive evidence. This evidence may be used only for impeachment purposes, provided it meets the applicable rules of evidence including the requirement of personal knowledge of the issues in this matter;

(f) Prior litigation, as well as any evidence, testimony, or argument regarding any documents produced solely in those matters, including the *Dukes v. Walmart* and *Love v. Walmart* matters;

(g) Evidence, testimony or argument about the "#Me Too" movement on social media or otherwise;

6. Walmart hereby moves for an order prohibiting any reference to or evidence concerning the above subjects and/or use of such documents or evidence on the grounds that they are irrelevant, unduly prejudicial, would serve only to confuse the issues before the jury, and/or are inadmissible evidence of subsequent remedial measures. *See* Fed. R. Evid. 401 – 403, 407, and 602. Walmart also moves this Court to exclude evidence that Plaintiffs failed to disclose

---

[2] To the extent this Court grants Walmart's Motion for Summary Judgment in part only (or denies it), Walmart requests the right to amend this Motion in Limine or to file additional bases upon which this Court should limit Plaintiffs' evidence at trial, depending on the specifics of the summary judgment order.

previously, as required by the Federal Rules of Civil Procedure or any orders of this Court. Fed. R. Civ. P. 37(c).

7. On July 16, 2019, Walmart conferred with Plaintiffs regarding the issues set forth above and certifies, pursuant to Local Rule 7.1(a)(3), Plaintiffs object to the relief requested in this Motion. With respect to the relief requested in paragraph 5(D) above, Plaintiffs noted they disagreed with the requested relief as to Dr. Drogin, but agreed they will not seek to introduce any other testimony from individuals who were not disclosed as experts by the expert disclosure deadline.

## MEMORANDUM OF LAW

### INTRODUCTION

Plaintiffs sued Defendant, their former employer, for alleged gender discrimination in pay and promotion. As described in detail in Plaintiffs' original Complaint, Amended Complaint and in various filings with this Court, Plaintiffs allege this action "springs from" a previous lawsuit, *Dukes v. Walmart*. As this Court is aware, *Dukes* was filed as a class action more than 18 years ago (in 2001) and, ultimately, the United States Supreme Court in 2011 determined the case should not have been allowed to proceed as a class action due to the individual nature of the claims alleged. Plaintiffs were members of the class in the *Dukes* matter and additionally were all applicants to intervene in *Love v. Walmart*, Case No. 12-cv-61959/SCOLA, filed in this Court in 2012. Plaintiffs never intervened prior to *Love* being dismissed, and their appeal was dismissed as untimely.

Plaintiffs must comply with the Supreme Court's direction from *Dukes*, and this Court's direction from *Love*, that claims of the putative class members in those cases concern questions of whether each *individual* was a victim of sex discrimination. Nonetheless, Plaintiffs have indicated that they will improperly attempt to use evidence from past litigation (including documents and testimony from those matters) to depict an alleged widespread culture of gender discrimination and influence improperly the jury in this case with evidence that does not pertain to the locations Plaintiffs were employed. That is reflected in Plaintiffs' summary judgment briefing, and recent untimely attempt to update their Rule 26 disclosures more than two months after discovery closed – to add literally thousands of possible "witnesses" and a litany of "evidence" of alleged discrimination against other women throughout the nation. But the trial in this matter must focus solely on the discrete discriminatory acts of which the remaining three Plaintiffs complained, and

thus Plaintiffs must be limited to evidence presented through appropriate and properly disclosed witnesses with first-hand knowledge of their claims.

## LEGAL STANDARD

This Court has broad discretion to determine the admissibility of evidence under the Federal Rules of Evidence. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). Rule 402, Federal Rules of Evidence, provides, "irrelevant evidence is not admissible." Fed. R. Evid. 402. "Relevant evidence" means: evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. That is, when testimony fails to bear on a material fact of a party's allegation or claim, the testimony is irrelevant and should be deemed inadmissible. As set forth in more detail below, the specific issues, claims and allegations Walmart seeks to preclude in this Motion are not probative of the remaining Plaintiffs' claims in this case. Additionally, even were the evidence relevant, the Court must weigh its probative value against any prejudice or confusion it likely will cause. Fed. R. Evid. 403. The evidence addressed here fails that test too.

Further, a federal district court has the authority to make *in limine* rulings pursuant to its "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion *in limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial." *Amegy Bank Nat'l Ass'n v. DB Private Wealth Mortg., Ltd.*, No. 2:12-cv-243- FtM-38CM, 2014 U.S. Dist. LEXIS 22734, *2 (M.D. Fla. Feb. 24, 2014) (citations omitted). A motion *in limine* "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-Civ, 2011 U.S. Dist. LEXIS 62969, *3 (S.D. Fla. June 8, 2011) (Cooke, J.) (citations omitted); *see also Indiana Ins. Co. v. General Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) ("Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose.") (citation omitted). It also "give[s] the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-Civ-SCOLA, 2013 Dist. LEXIS 26890, *3 (S.D.

Fla. 2013) (Scola, J.) (quoting *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 U.S. Dist. LEXIS 44056, *2-3 (M.D. Fla. June 18, 2007)).

## **CERTAIN EVIDENCE THAT IS IRRELEVANT, PREJUDICIAL AND/OR WHICH CONSTITUTES OR CONTAINS HEARSAY SHOULD BE EXCLUDED**

Throughout the discovery and pre-trial phases of this litigation, Plaintiffs have suggested that certain irrelevant or prejudicial evidence or evidence containing hearsay should support their claims. However, as set out below, these items should be excluded, and Walmart asks this Court for an order *in limine* excluding the use of such evidence during trial.

> A. **Evidence, Testimony or Argument regarding Alleged Discriminatory Acts Allegedly Taken with Respect to Any Other Walmart Associate, Such that Each Plaintiff is Limited to Presenting Evidence, Testimony, or Argument Specific to Herself Must Be Excluded.**

Despite the fact that this lawsuit only concerns discrete acts of discrimination in promotion and pay alleged by three individual Plaintiffs, Walmart expects they will attempt to proffer evidence of alleged unfair treatment of other female associates, unrelated to their own, involving other positions and promotions, other decision makers, and other geographic areas. Plaintiffs' previous filings are rife with unsupported, generalized assertions that Walmart's underrepresentation of women in management is "well known," and Walmart widely engaged in gender stereotyping and discrimination against women generally. For example, in opposing to Walmart's summary judgment motion, Plaintiffs, without any evidence that would be admissible at trial, argue Plaintiffs' alleged discrimination is "not the result of isolated events, but is an example of the systemic discrimination that permeated the workplace, from the corporation's top management down to the store level." (ECF 126 at 2). Plaintiffs also rely on documents produced in other litigation, subject to protective orders in those cases, for the proposition that Walmart has long known of the alleged disparity in promotional opportunities for women, relying on reports to Walmart's Board of Directors and a so-called "gap" analysis from 2000. This "evidence" must be excluded because this case is not about the treatment of women generally. (ECF 126 at 3).

The issues in this case are whether Walmart discriminated against the three remaining Plaintiffs – not anyone else. Plaintiffs' suggestion of generalized discrimination based on gender is wholly irrelevant, would only confuse the jury as to the claims Plaintiffs have raised, is inappropriately prejudicial to Walmart, and its use should be precluded. Plaintiffs must not be permitted to turn this trial into a series of mini-trials about other Walmart associates who were

subject to different decisions by different managers, at different times, and at different places. Moreover, for this type of evidence to be deemed relevant, it must be shown that the employment circumstances of these non-plaintiff associates are directly comparable to those of each Plaintiff. *See Martin v. Reno*, 2000 U.S. Dist. LEXIS 18278 at *8 (S.D.N.Y. 2000), *aff'd*, 2001 U.S. App. 24404 (2d Cir. 2001) ("Plaintiff seeks to call one or more witnesses to testify about alleged incidences of discrimination by the [defendant] that do not involve [plaintiff]. Such testimony is entirely irrelevant to [plaintiff's] claims, and would merely protract the trial by taking the testimony too far afield from [plaintiff's] actual claims."); *see also Franco- Rivera v. Chairman of Bd. of Dirs.*, 751 F. Supp. 13, 14 n.1 (D.P.R. 1990) (granting Defendant's motion in limine to exclude testimony of other employees whom plaintiff intended to call to testify about their own discriminatory complaints because such testimony would be "in large measure legally irrelevant because they would not serve to support [plaintiff's] own individual claims"); *Lee v. N.Y. State Dep't of Health*, 2001 U.S. Dist. LEXIS 11287 at *68 n.12 (S.D.N.Y. 2001) ("the mere fact that other complaints were filed against [the employer] is not probative of anything and cannot create a genuine issue of fact"); *Myers v. Glynn-Brunswick Mem'l Hosp.*, 683 F. Supp. 1387, 1392 (S.D. Ga. 1988) ("a plaintiff cannot prove his case of discrimination simply by arguing that others were victims of discriminatory treatment").

In addition, assuming *arguendo* that such evidence was relevant at all, exposing the jury to such evidence would unduly prejudice Walmart, confuse the issues, and be misleading; therefore, it should be excluded under FRE 402 and 403. *See Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995) (allowing testimony of alleged discrimination against other individuals would result in mini-trial regarding treatment of other employees and is thus a needless waste of judicial resources).

Here, Plaintiffs have made no showing that any alleged discriminatory acts against other Walmart associates have any relation to the specific employment decisions underlying the Plaintiffs' claims. Further, Plaintiffs have made no showing that any other alleged discriminatory acts happened close in time to the adverse actions at issue in this case, involved the same decision makers, or present facts similar to those alleged by Plaintiffs. Thus, this type of evidence and argument must be excluded.

Likewise, evidence, testimony, or argument regarding Walmart's internal review and investigation of alleged gender disparity including, but not limited to, statements allegedly made

to the company's Board of Directors, Walmart's Women in Leadership Program, purported "Glass Ceiling Initiative" or efforts to "improve" representation of women in leadership positions, should be excluded for the same reasons. Such evidence is irrelevant, the motives behind the alleged initiatives are speculative, and, if introduced, would be highly prejudicial and would mislead the jury and confuse the issues.

For example, the existence of such initiatives or alleged failure to follow them does not, by itself, constitute an unlawful employment practice. *See* Fed. R. Evid. 403; *see also, e.g., Liao v. Tennessee Valley Authority*, 867 F.2d 1366, 1369 (11th Cir. 1989), *cert. denied*, 494 U.S. 1078 (1990) (citing *Ferguson v. Veterans Admin.*, 723 F.2d 871, 872 (11th Cir.)), *cert. denied sub nom.*, *Ferguson v. Walters*, 469 U.S. 1072 (1984) ("[T]he failure to give a preference under * * * an [affirmative action] plan cannot be used to support an allegation of discrimination in employment decisions."). Plaintiffs' views or opinions about the wisdom of Walmart's business determinations are wholly irrelevant to the instant action and thus, inadmissible. Introduction of related documents into evidence at trial, such as the "gap" analysis, reports provided to Walmart's Board of Directors, or Walmart's 2004 and 2006 pay plans, even if relevant, should be excluded under FRE 403 because the substantial prejudice or confusion it likely will cause far outweighs any minimal probative value. Fed. R. Evid. 403.

Moreover, FRE 407 generally prohibits a plaintiff from introducing evidence of subsequent remedial measures taken by a defendant in order to establish the defendant's underlying liability. Fed. R. Evid. 407. Put differently, a subsequent, remedial measure is not proper evidence of discrimination. *See, e.g., Stahl v. Board of Com'rs of Unified Government of Wyandotte County/Kansas City, Kansas*, 101 Fed. Appx. 316, 322 (10th Cir. 2004) (holding plaintiff may not offer the suspension of a physical fitness test as evidence that the test itself was a pretext for discrimination, as this is attempt to prove "culpable conduct" in a manner forbidden by Rule 407.); *Davis v. Lakeside Motor Co., Inc.*, No. 3:10-CV-405 JD, 2014 WL 6606044, *2 (N.D. Ind. Nov. 20, 2014) (excluding evidence of subsequent remedial measures, including changes to the defendant's hiring procedures following the plaintiff's termination); *Blakenship v. Caterpillar Global Mining, LLC*, 964 F. Supp. 2d 578, 590 n.7 (S.D. W. Va. 2013) (noting the court did not consider changes made to the defendant's hiring process in an employment discrimination case because they were inadmissible to prove culpable conduct under FRE 407); *Vitullo v. Borough of Yeadon*, No. Civ.A. 04-3929, 2006 WL 487921 (E.D. Pa. Feb. 28, 2006) (revisions to nepotism

7

policy inadmissible under FRE 407 as subsequent remedial measure); *Peck v. Hudson City Sch. Dist., Hudson*, N.Y., 100 F. Supp. 2d 118, 122 (N.D.N.Y. 2000) (Rule 407 bars the introduction of evidence of the employer's change in its sexual harassment policy that was implemented after the plaintiff's harassment complaint). The Second Circuit's decision in *Estate of Hamilton v. City of New York*, 627 F.3d 50, 53 (2d Cir. 2010), is instructive. It found that the district court "correctly excluded plaintiffs' proffer of [an individual defendant's] statement that, following the challenged promotions, 'managerial staff determined that involving more individuals in the promotion process might help prevent unsuccessful candidates from feeling as if they were unfairly passed over for promotion.'" *Id*. The court explained, "[s]uch a statement plainly runs afoul of Rule 407 of the Federal Rules of Evidence, which generally prohibits a plaintiff from introducing evidence of subsequent remedial measures taken by the defendant in order to establish the defendant's underlying liability." *Id*. This sound reasoning applies equally here as an additional reason to exclude evidence such as the "gap" analysis, reports provided to Walmart's Board of Directors, or Walmart's 2004 and 2006 pay plans.

> **B.    Evidence, Testimony or Argument Referring to Improper Comparator Data Must Be Excluded.**

In addition to presenting suggestions or argument that other women were subjected to discrimination or that Walmart's overall atmosphere is discriminatory based on gender, Plaintiffs are also expected to attempt to present evidence about male Walmart associates who are not true "comparators" under Title VII.

Plaintiffs' ultimate burden at trial will be to establish they were treated less favorably than similarly situated males. The *en banc* Eleventh Circuit recently answered what it means for two employees to be "similarly situated." *Lewis v. City of Union City*, 918 F.3d 1213 (11th Cir. 2019). Its answer? They must be "similarly situated in all material respects." *Id*. at 1226. The Court elucidated this criterion by means of the Supreme Court's observation that "a plaintiff and her comparators must be sufficiently similar, in an objective sense, that they 'cannot reasonably be distinguished.'" *Id*. at 1228. This means, among other things, that "[o]rdinarily (although not invariably) [the comparators will] have been under the jurisdiction of the same supervisor as the plaintiff . . . ." *Id*.

In this case, as to the promotions and pay decisions at issue, there are distinct decision makers with respect to the alleged discriminatory decisions. Therefore, only associates outside the

protected class (i.e. males) who were subject to the same decision-making, by the same decision maker, with respect to the same decisions, during the same time frame can possibly be relevant comparators. Instead of focusing on specific male associates who may have been promoted into positions Plaintiffs claim to have been denied and/or male associates who held the same positions at Plaintiffs and who allegedly were paid more at the store in which each respective Plaintiff worked during the same time frame, Plaintiffs are expected to argue and introduce evidence on a regional basis about associates who were subject to different decision makers, in different types of stores (supercenters vs. small neighborhood stores), in different geographic areas, and/or may have had different experiences and qualifications, e.g., male associates who are not similarly situated as a matter of law.

Specifically, Plaintiffs are expected to introduce aggregate evidence related to male associates who worked somewhere in the same Regions as Plaintiffs, but not at the level of the relevant Stores or even Districts. However, as set out in Walmart's Motion for Summary Judgment and as demonstrated in Walmart's statement of facts in support thereof, Regional-level data does not provide a proper comparator set. Instead, depending on the position at issue, the pay and promotion decisions at issue were either made at the Store or District levels. Thus, the Court should exclude, based on Eleventh Circuit authority, any data regarding associates who were employed anywhere other than the specific Plaintiffs' Store and/or District, during the same time frame.

**C. Witnesses Who Were Not Properly Disclosed Should be Prohibited from Testifying at Trial.**

On July 9, 2019, over two months after the close of discovery, Plaintiffs served what purport to be "amended Rule 26.1 disclosures" in which they identify 278 new names of witnesses (several only identified by first name), who allegedly have personal knowledge of various topics ranging from "alleged management and decision makers," "witnesses / evidence of animosity" and "general witnesses." (See Exhibit A.) In addition to the new names listed (without any addresses), Plaintiffs also disclosed general categories of individuals such as "Walmart Management" and "additional male individuals as identified in Walmart data production," which could potentially encompass thousands of individuals. As a result, Plaintiffs provide this Court (and Walmart) no reasonable understanding of how Plaintiffs intend to present their case at trial and whether it is even manageable. Ultimately, Plaintiffs' untimely disclosures are improper and should be prohibited.

9

Federal Rule of Civil Procedure 37(c)(1) governs the failure to make disclosures in discovery, and provides in part, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." This applies to witnesses who were known, or upon reasonable investigation should have been known, at the time the initial disclosures were due.[3] *See Johnson v. R.J. Reynolds Tobacco Co.*, No. 2:12-cv-618-FtM-29CM, 2014 WL 1930392, at *3 (M.D. Fla. May 14, 2014).

Rule 37 allows the district court to exclude a witness as a sanction for a Rule 26 violation, and witnesses can be precluded from testifying when untimely disclosures leave the opposing party unable to properly depose said witnesses. *See Mitchell v. Ford Motor Co.*, 318 F.App'x 821, 824 (11th Cir. 2009). In deciding whether the inclusion of an undisclosed party is proper, courts consider "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Kotchman v. State Farm Mutual Auto. Ins. Co.*, No: 8:15-cv-2482-T-30JSS, 2017 WL 164356, at *1 (M.D. Fla. Jan. 17, 2017) (quoting *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009)).

Here, Plaintiffs' failure to disclose timely nearly 300 named individuals and potentially thousands of others trial witnesses (disclosed in categories or groups such as "additional male individuals as identified…,") is barred under Rule 37. Plaintiffs cannot reasonably explain their failure to disclose these alleged witnesses; nor can they show the exclusion of the thousands of witnesses from its initial disclosures or answers to interrogatories was substantially justified.

---

[3] Plaintiffs may argue many of the persons listed in the July 9 "amended disclosures" were not known to them until after Walmart supplemented its document production with the Regional data ordered produced on June 7, 2019. This argument is unavailing. Regional data was not ordered to be produced until May 30, 2019, weeks after the close of discovery, and nothing in the production order permitted Plaintiffs to then amend their initial disclosures. Moreover, Plaintiffs waited more than a month to serve their "amended disclosures," unfairly compromising Walmart's ability to prepare for trial. Additionally, some of these newly disclosed individuals were previously known to Plaintiffs, as they provided testimony at (or declarations in) the *Dukes* and *Love* matters. Certainly, as to those individuals there can be no justification for waiting until July 9, 2019 to make such disclosure. Ultimately, if, within the potential thousands of alleged witnesses, there are individuals who have personal knowledge of the decisions underlying the Plaintiffs' claims of pay and promotion discrimination, Plaintiffs should have disclosed those witnesses during the discovery period, not months later.

Without the opportunity to discover the alleged personal knowledge that these individuals have regarding the Plaintiffs' pay and promotion claims, Walmart will be unfairly prejudiced at trial. This is especially true where there is no evidence the newly disclosed witnesses have any relevant personal knowledge. As noted above, statements or testimony by persons uninvolved in the specific discrete alleged discriminatory acts are irrelevant, are potentially misleading and unduly prejudicial to Walmart, are likely based on unreliable hearsay, and constitute mere speculation. Thus, these statements should be excluded.  *See* Fed. R. Evid. 401, 403, 602, 801(d); *see also Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005) (statements made by employee not involved in workforce reduction decision inadmissible to prove discriminatory intent of employer); *Steger v. General Electric Co.,* 318 F.3d 1066, 1079 (11th Cir. 2003) ("statements made by nondecisionmakers or statements made by decisionmakers unrelated to the decisional process" do not demonstrate discriminatory intent) (quoting *Price Waterhouse v. Hopkins,* 490 U.S. 228, 277 (1989)); *Clark v. APAC Mid-S., Inc.*, 912 F. Supp. 1273, 1291 (N.D. Ala. 2012) (statements as to reason for failure to promote made by supervisors not involved in promotion decision ruled inadmissible).

Additionally, Federal Rule of Evidence 602 permits a factual witness to testify only about events within his or her own personal knowledge.  *See* Fed. R. Evid. 602.  Thus, such testimony, to the extent not based upon personal knowledge, is not permitted.  *See id.*; *Kemp v. Balboa*, 23 F.3d 211, 213 (8th Cir. 1994) (stating trial court should have struck testimony that was not based on witnesses' personal knowledge); *Marfia v. T.C. Ziraat Bankasi*, 874 F. Supp. 560, 563-64 (S.D.N.Y. 1994) (granting employer's motion in limine on plaintiff's evidence relating to other employees where plaintiff lacked personal knowledge).  Likewise, Plaintiffs and all of their witnesses should be ordered to refrain from offering conclusions and suppositions that are not supported by admissible facts, eliciting or attempting to elicit evidence of any such incidents, conduct, or events.  This is improper and will only inflame or prejudice the jury.  *See* Fed. R. Evid. 403.

      **D.**    **Evidence, Testimony or Argument About or Referencing Opinions by Richard Drogin, PhD, Should be Excluded.**

Similarly, as previously described to this Court in Walmart's Motion to Strike (ECF 134), in opposition to Walmart's summary judgment motion, Plaintiffs submitted a 2003 report prepared by Dr. Richard Drogin, which relies on evidence gathered in the *Dukes* case and which provides

11

opinions related to the allegations advanced by the *Dukes* plaintiffs. Plaintiffs also attempt to rely on Dr. Drogin's 2013 declaration in their opposition to summary judgment. However, as set forth in the Motion to Strike, it is undisputed Dr. Drogin was not disclosed as an expert in this matter pursuant to Rule 26, and Dr. Drogin was not disclosed as a witness in this matter until July 9, 2019 when Plaintiffs served their Amended Initial Disclosure document, improperly adding hundreds of names of new alleged witnesses as well as categories of witnesses that could include thousands of other witnesses. [4] Among those names is Dr. Richard Drogin. Putting aside the timeliness problem, the disclosure itself is insufficient, as Plaintiffs still have not made the required disclosure of Dr. Drogin's publications or recent expert testimony.

Plaintiffs cannot dispute, and have not disputed, they failed to comply with Rule 26 and this Court's Scheduling Order regarding disclosure of Dr. Drogin as a lay or expert witness, or that their veiled attempt to disclose Dr. Drogin (as a fact witness) was made over two months after discovery has closed. Further, his *Dukes* report does not meet the basic requirements -- because it was authored in 2003, it omits the witness's qualifications, including a list of all publications authored in the previous 10 years (2009 to 2019); a list of all other cases in which, during the previous 4 years (2014 – 2019), the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ P. 26(a)(2). Regardless, Plaintiffs are expected to argue, as they did with respect to this same evidence proffered in opposition to summary judgment, that Dr. Drogin's analysis from the *Dukes* case was produced in discovery on April 29, 2019, and it therefore is relevant and admissible.

Dr. Drogin's report and declaration are irrelevant to the issues in this case because they pertain to the failed class allegations pled in the *Dukes* matter. In addition, Plaintiffs failure to disclose Dr. Drogin as an expert in this matter is not harmless. Walmart had no opportunity to learn his opinions as they relate to this case (as opposed to the *Dukes* nationwide class action), assess their connection—if any—to the claims of these Plaintiffs, depose Dr. Drogin as an expert, or to determine whether to retain its own expert to rebut his opinions. Statistical evidence of the type Plaintiffs attempt to put into evidence via Dr. Drogin is the cornerstone of a pattern or practice case and disparate impact claims. Plaintiffs' failure to disclose Dr. Drogin and failure to notify

---

[4] In Plaintiffs' Amended Initial Disclosures dated July 9, 2019, Plaintiffs also list various declarations they may attempt to enter into evidence at trial. These declarations should be excluded for the same reasons.

Walmart that it intended to rely on decades-old data deprived Walmart of the opportunity to rebut this type of evidence. In a situation such as this, the exclusion of expert testimony is an appropriate remedy for failure to provide expert disclosures under the Federal Rules.[5] *See Romero v. Drummond Co.*, 552 F.3d 1303 (11th Cir. 2008) (approving of an order excluding the testimony of a witness at trial as a result of inadequate written disclosures).

Further, to the extent Plaintiffs may attempt to argue Dr. Drogin is a fact witness, and to the extent this Court permits the July 9, 2019 Amended Initial Disclosures to constitute an appropriate disclosure for that purpose, his testimony should be excluded under FRE 602. Federal Rule of Evidence 602 mandates that a "witness may testify to a matter only if evidenced is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." In this case, Plaintiffs cannot present any evidence that Dr. Drogin has relevant personal knowledge regarding their individual claims of discrimination.[6]

### E. Deposition Transcripts from Other Matters As Evidence Other than For Proper Impeachment Purposes Must Not be Admitted.

Counsel for Plaintiffs have been representing various individuals in litigation against Walmart for nearly two decades and have referenced deposition testimony taken in other matters in support of their positions advanced in this matter. Such testimony should be excluded. Federal Rule of Civil Procedure 32 sets forth the circumstances under which deposition transcripts can be used at a trial, in place of live testimony. An important requirement is that witnesses are "unavailable" to testify and there is no showing that these witnesses meet this requirement, or other elements of the rule. Additionally, the transcripts from the *Dukes* and *Love* litigation are subject to protective orders which would be violated should Plaintiffs attempt to introduce the same into evidence in this trial. Finally, these witnesses have not been identified with the specificity required by Rule 26(a)(1): "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the

---

[5] If this Court deems Plaintiffs' production of Dr. Drogin's expert report—prepared in a separate case—as sufficient to meet Rule 26's requirements, Walmart respectfully requests the opportunity to further file an appropriate *Daubert* motion as it relates to such opinions and to request a *Daubert* hearing.
[6] The same is true for the other belatedly disclosed "general witnesses" and declarants set forth in Plaintiffs' Amended Initial Disclosures.

13

disclosing party may use tosupport its claims or defenses, unless the use would be solely for impeachment."

      **F.    Reference to, Argument About or Presentation of Prior Litigation or Documents Produced in Previous Litigation, Including in the *Dukes v. Walmart* or *Love v. Walmart* Matters, Must be Excluded.**

Any testimony, reference or suggestion that Walmart has been involved in any other lawsuits or has settled any other claims and any testimony, suggestion or reference to facts contested in those matters, must also be excluded. This testimony is utterly irrelevant to Plaintiffs' own causes of action and fails to address any issue in this case. *See* Fed. R. Evid. 401, 402. The testimony is also inadmissible under the doctrine of *res inter alios acta* and represents an attempt by Plaintiffs to establish Walmart's liability through the use of prohibited propensity evidence based upon Walmart's alleged prior actions or inactions. *See* Fed. R. Evid. 404. Lastly, the proscription against admitting evidence which would be unfairly prejudicial bars the introduction of or reference to these disputed events due to the high likelihood that a jury, hearing of these prior disputes, would seek to impose liability upon Walmart based upon emotion or bias or would become confused on the issues actually before it. *See* Fed. R. Evid. 403; *see also* Notes of The Advisory Committee to Rule 403 (unfair prejudice under rule 403 means an undue tendency to suggest a decision on an improper basis, commonly, although not necessarily, an emotional one). *Cf. Sparks v. Gilley Trucking Co.*, 992 F.2d 50 (4th Cir. 1993) (abuse of discretion to admit evidence that party had been convicted of speeding on several prior occasions in negligence case involving car accident).

Likewise, deposition transcripts from other litigation (namely *Dukes* and/or *Love*) are inadmissible under Federal Rule 32 as well as under FRE 403. Federal Rule 32 allows for a deposition lawfully taken in an earlier action to be used in a later action only if it involves "<u>the same subject matter </u>between the same parties." Here, the depositions taken in both the *Love* and *Dukes* matters were taken in furtherance or defense of alleged class action allegations and focused on national or regional data that is wholly irrelevant to the claims before this Court. Additionally, the Plaintiffs—members of a *rejected* class—were not "parties" to the prior suit. *Smith v. Bayer*, 131 S. Ct. 2368, 2380 (2011); s*ee also First Nat'l Bank in Greenwich v. Nat'l Airlines*, 22 F.R.D. 46 (S.D.N.Y. 1958) (deposition transcript from prior similar action against same defendant but not involving same alleged victims not admissible at trial to support current plaintiff's allegations). Additionally, any testimony given in response to nation-wide or region-wide allegations would

14

only serve to prejudice the jury and confuse the issues before this Court and should further be excluded under FRE 403. Last, to the extent Plaintiffs seek to introduce any such transcripts, Plaintiffs are still required to establish the unavailability of such witnesses and the witnesses' personal knowledge of an issue in this litigation. Plaintiffs simply cannot do so as to the myriad of transcripts they are expected to offer into evidence in this matter. Thus, such evidence should be excluded.

### G. Evidence, Testimony or Argument Referencing or about the "#MeToo" Movement is Irrelevant and Prejudicial and Should be Excluded.

Plaintiffs are expected to reference and/or present argument couched in terms of the current social and political climate, which is in full force in print and social media and has become tagged as the "#MeToo" movement or the "#TimesUp" movement. In the present social, political and legal climate there is no question the phrases "me too" and "times up" have more powerful cultural and personal resonance with an average citizen, including a juror, than it ever has before. Plaintiffs are well aware of this phenomenon and are expected to attempt to us this climate to promote the allegations because they believe that because jurors are likely to have heard of the horrible things asserted by the accusers of Harvey Weinstein and others who have absolutely nothing to do with Walmart, they will more likely believe these Plaintiffs' allegations, too.

However, this prejudice is precisely what the Federal Rules of Evidence were set up to preclude. Evidence of a crime, wrong, or other act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In employment discrimination claims, propensity evidence may be properly admitted under Fed. R. Evid. 404(b)(2) only under limited circumstances, i.e., it suggests the defendant in the case and, usually, the same alleged bad actor, actually engaged in the conduct being accused of by the Plaintiff, none of which conceivably apply to such references. Additionally, such evidence must be excluded where it runs afoul of Federal Rule of Evidence 401 (Test for Relevant Evidence) and 403 (Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons). For those reasons too, any evidence, suggestion, or reference that the jury may use its verdict as a mechanism through which to effect social change or send a message to other members of the community, including Walmart should be excluded. *See Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233 (5th Cir. 1985).

## CONCLUSION

For the foregoing reasons, Walmart respectfully requests that the Court grant this Motion in Limine and enters an appropriate Order precluding the improper and inadmissible evidence at a trial in this action as set forth above.

Dated: July 16, 2019

Respectfully Submitted,

s/ Scott A. Forman
Scott A. Forman (FL Bar No. 0065950)
Email: SForman@littler.com
LITTLER MENDELSON, P.C.
333 S.E. 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: 305.400.7511
Facsimile: 305.603.2552

Kimberly J. Doud (FL Bar No. 523771)
kdoud@littler.com
LITTLER MENDELSON, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, Florida 32801
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

*Attorneys for Defendant,*
*Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July 2019, the foregoing was electronically filed with the Clerk of Court using CM/ECF, and the foregoing document is being served on all counsel of record identified on the attached Service List by operation of the Court's electronic filing system.

                                                 */s/ Scott A. Forman*
                                                 Scott A. Forman

## SERVICE LIST

**Counsel for Plaintiffs**

Lindsey Wagner, Esq.
LWagner@scottwagnerlaw.com
Cathleen Scott, Esq.
CScott@scottwagnerlaw.com
**SCOTT WAGNER AND ASSOCIATES, P.A.**
Jupiter Gardens
250 South Central Boulevard, Suite 104
Jupiter, FL 33458

Leslie M. Kroeger, Esq.
LKroeger@cohenmilstein.com
Diana L. Martin, Esq.
DMartin@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410

Joseph M. Sellers, Esq.
JSellers@cohenmilstein.com
Christine E. Webber, Esq.
CWebber@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Ave NW, Suite 500 West
Washington, DC 20005

**Counsel for Defendant**

Scott A. Forman, Esq.
Email: SForman@littler.com
**LITTLER MENDELSON, P.C**.
333 S.E. 2nd Avenue, Suite 2700
Miami, FL 33131

Rachel Brass, Esq.
RBrass@gibsondunn.com
**GIBSON, DUNN & CRUTCHER, LLP**
555 Mission Street
San Francisco, CA 94105-0921