IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9-17-CV-81225- RNS

KATHLEEN FORBES, *et al.*,

    Plaintiffs,

v.

WAL-MART STORES, INC.,

    Defendant.
_____/

**DEFENDANT WAL-MART STORES, INC.'S MOTION TO STRIKE
PLAINTIFFS' UNTIMELY, SUPPLEMENTAL SUMMARY JUDGMENT EVIDENCE**

Defendant, WAL-MART STORES, INC. ("Walmart" or "Defendant"), hereby files this Motion to Strike Plaintiffs' Notice of Filing dated August 13, 2019, which filed Exhibit M to Plaintiffs' Response in Opposition to Motion for Summary Judgment. In further support of its Motion, Walmart states as follows:

**I.    RELEVANT PROCEDURAL HISTORY**

Discovery in this case closed on May 3, 2019, and dispositive motions were due May 17, 2019. (ECF 38). At the close of discovery, the parties jointly requested an extension of time. (ECF 70). This Court denied that motion on May 6, 2019, expressing dismay that the parties had not engaged in adequate discovery efforts prior to the discovery deadline and finding no justification for further delay. (ECF 71). This Court made clear it had ordered a discovery schedule and intended to abide by it.

On May 9, 2019, after the close of discovery, Plaintiffs filed a motion to compel discovery and noticed Walmart's 30(b)(6) deposition. (ECF 72, 74-1). Walmart filed a motion for a protective order contesting the deposition notice that same day. (ECF 74). Plaintiffs

concurrently filed a Motion for Extension of Time of Pretrial Deadlines. (ECF 73). This Court denied Plaintiffs' Motion for Extension that same day as well. (ECF 75).

In the same Order, this Court referred Plaintiffs' motion to compel to Magistrate Judge Matthewman, granting Judge Matthewman authority to extend the discovery deadline only to the extent necessary to provide proper relief, if any, to Plaintiffs with respect to their motion to compel.[1] (*Id*.) Walmart opposed Plaintiffs' motion to compel on May 14, 2019, and adhered to the Court's scheduling order by filing its summary judgment motion on May 17, 2019. (ECF 89-90).

On May 23, 2019, Judge Matthewman ordered Walmart to produce its designated corporate representative for the 30(b)(6) deposition and to produce "at least some" of "the electronic data for approximately fifty (50) comparators on a regional basis." (ECF 103 at 1.) Judge Matthewman directed the parties to meet and confer as to the scope of this electronic data. (*Id.* at 2.) He did not set a deadline for the production itself and did not modify this Court's scheduling order. (*Id.*) Thereafter, the parties filed a Joint Notice Regarding 30(b)(6) Deposition and Discovery Dispute (ECF 109), which discovery matters Judge Matthewman addressed in his Omnibus Discovery Order on May 30, 2019, including requiring additional Regional data be produced. (ECF 116).

On May 29, 2019, Plaintiffs' requested a three-week extension of time to respond to Walmart's summary judgment motion. (ECF 110). This Court denied Plaintiffs' request for an extension on May 30, 2019, because "[s]uch an extension would necessitate a corresponding extension of the trial date," which this Court had already declined to provide. (ECF 112).

---

[1] Judge Matthewman also addressed Walmart's motion of protective order. (ECF 76).

2

Plaintiffs renewed their request for an extension that same day, which this Court immediately denied. (ECF 113, 114).

In response, on May 31, 2019, on the day their summary judgment opposition was due, Plaintiffs filed a motion to exceed the page limit (ECF 118) as to their summary judgment opposition (and attached the overlong opposition to their motion). This Court, being placed in an untenable position, ordered Plaintiffs to show cause on or before June 4, 2019, why they should be allowed the opportunity to respond within the page limits. (ECF 123). Plaintiffs adhered to this Court's deadline and filed their compliant summary judgment opposition papers on June 4, 2019. Plaintiffs' Notice of Filing Additional Exhibits (ECF 121) listed Exhibit M as a "Placeholder," and no Exhibit M was filed. In their opposition, Plaintiffs requested relief under Rule 56(d), which Walmart opposed on June 14, 2019. (ECF 135).

Plaintiffs then supplemented their opposition filing with "corrected" exhibits on June 6, 2019. The Notice of Filing Corrected Exhibits (ECF 133) listed Exhibit M as "Comparator Data" and indicated the "parties [were] working on a mutually agreeable format to submit to the Court." Walmart is unaware of the basis for this statement because, at the time, there was no conferral between the parties regarding the filing of Exhibit M. Regardless, Plaintiffs never filed Exhibit M.

Walmart produced additional Regional comparator data pursuant to the Omnibus Discovery Order, and its 30(b)(6) designee was deposed on June 11, 2019. (ECF 144 at 1-2). Walmart filed its summary judgment reply on June 14, 2019. (ECF 135, 144 at 2). The parties received the corporate representative deposition on June 24, 2019, nearly two weeks after the deposition occurred, indicating Plaintiffs did not request an expedited transcript.

On July 31, 2019, Plaintiffs contacted Walmart to discuss the filing of Exhibit M, and Walmart requested the basis for filing so the parties could confer regarding same. Walmart received no response. Then, on August 8, 2019, Plaintiffs contacted Walmart again regarding the filing, and the parties discussed Plaintiffs' intention on filing the purported comparator data on August 9, 2019. On Monday, August 12, 2019, Walmart confirmed with Plaintiffs that it objected to any supplementation of the record through the filing of Exhibit M, because Plaintiffs' Rule 56(d) motion remains pending and, unless and until this Court rules on that motion, filing Exhibit M is improper. Plaintiffs now, *ten weeks* after their summary judgment opposition was due and *less than a month* before the trial calendar call, file purported comparator data in support of their opposition.

## II. MEMORANDUM OF LAW

Plaintiffs' attempt to circumvent this Court's clearly delineated scheduling order yet again. No authority exists for Plaintiffs to file Exhibit M at this time. This Court twice denied Plaintiffs' requests for extension of time to respond to Walmart's summary judgment motion, and this Court has not ruled on Plaintiffs' Rule 56(d) request (which is fully-briefed) or their request to file a Sur Reply (briefing is closed) related to the summary judgment. As such, there is no basis for Plaintiffs to file supplemental evidence with regard to the long-pending motion for summary judgment, and allowing Plaintiffs to supplement the record at this time will push summary judgment to a point where this Court may not be able to rule on the motion prior to the September trial.[2]

---

[2] For all the reasons set forth in Walmart's Reply in Support of Its Motion for Summary Judgment (ECF 135), this Court should deny Plaintiffs' Rule 56(d) request; however, to the extent this Court allows the filing of Exhibit M and considers the late-filed exhibit, Walmart requests an opportunity to respond to this supplemental data.

### III. LOCAL 7.1 CONFERRAL

In accordance with Local Rule 7.1(a)(3)(A), counsel for Defendant, Kimberly J. Doud, hereby certifies that on August 13, 2019, she conferred with Plaintiffs' counsel, Lindsey Wagner, in a good faith effort to resolve the issues raised in this Motion, but the parties were unable to resolve the issues presented.

### IV. CONCLUSION

For the foregoing reasons, Walmart respectfully requests this Court grant this Motion to Strike the Notice of Filing dated August 13, 2019, along with Exhibit M filed therewith.

Dated: August 13, 2019                    Respectfully Submitted,

*/s/ Scott A. Forman*_____
Scott A. Forman (FL Bar No. 0065950)
Email: SForman@littler.com
LITTLER MENDELSON, P.C.
333 S.E. 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: 305.400.7511
Facsimile: 305.603.2552

Kimberly J. Doud (FL Bar No. 523771)
kdoud@littler.com
LITTLER MENDELSON, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, Florida 32801
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

*Attorneys for Defendant,*
*Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August 2019, the foregoing *Motion to Strike Summary Judgment Evidence* was electronically filed with the Clerk of Court using CM/ECF, and the foregoing document is being served on all counsel of record identified on the attached Service List by operation of the Court's electronic filing system.

                                                */s/ Scott A. Forman*
                                                Scott A. Forman

## SERVICE LIST

**Counsel for Plaintiffs**

Lindsey Wagner, Esq.
LWagner@scottwagnerlaw.com
Cathleen Scott, Esq.
CScott@scottwagnerlaw.com
**SCOTT WAGNER AND ASSOCIATES, P.A.**
Jupiter Gardens
250 South Central Boulevard, Suite 104
Jupiter, FL 33458

Leslie M. Kroeger, Esq.
LKroeger@cohenmilstein.com
Diana L. Martin, Esq.
DMartin@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410

Joseph M. Sellers, Esq.
JSellers@cohenmilstein.com
Christine E. Webber, Esq.
CWebber@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Ave NW, Suite 500 West
Washington, DC 20005

**Counsel for Defendant**

Scott A. Forman, Esq.
Email: SForman@littler.com
**LITTLER MENDELSON, P.C**.
333 S.E. 2nd Avenue, Suite 2700
Miami, FL 33131

Rachel Brass, Esq.
RBrass@gibsondunn.com
**GIBSON, DUNN & CRUTCHER, LLP**
555 Mission Street
San Francisco, CA 94105-0921

FIRMWIDE:166046058.1 080000.1363