United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kathleen Forbes and others, Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 17-81225-Civ-Scola |
| | ) |
| Wal-Mart Stores, Inc., Defendant. | ) |

## Order Denying Motion for Reconsideration

Plaintiffs Kathleen Forbes, Linda Ray, and Edna Remington ask the Court to reconsider its order (ECF No. 156), granting summary judgment in Defendant Wal-Mart Stores, Inc.'s favor. The motion has been fully briefed. (Def.'s Resp., ECF No. 161; Pls.' Reply, ECF No. 162.) For the reasons that follow, the Court **denies** the Plaintiffs' motion (**ECF No. 158**).

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

Here, the Plaintiffs complain that Walmart's delayed discovery responses hampered their ability to present key evidence in their opposition to Walmart's motion for summary judgment. They thus appear to rely on the "availability of new evidence" to support their request for the Court to reconsider its order. In the Eleventh Circuit, courts apply a five-part test to determine whether such relief is warranted:

(1) the evidence must be newly discovered since the trial or final judgment or order; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial or reconsideration of the final judgment or order would probably produce a new result.

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1274 (11th Cir. 2014) (quotations and alteration indications omitted).

To begin with, the Court does not find the Plaintiffs have shown that they themselves were blameless in Walmart's late discovery production. In fact, the Court's review of the record shows the Plaintiffs bear some, if not much, of the responsibility because of their own lack of due diligence in seeking the information or bringing the issue to the Court's attention. But even putting aside the Plaintiffs' own dilatory behavior, the Court, after careful evaluation, finds the "new" evidence the Plaintiffs have presented is not "such that a . . . reconsideration of the . . . order would probably produce a new result." In fact, the Court affirmatively concludes the new evidence would not in any way alter its order. The Plaintiffs have simply not established that a single one of the purported comparators they now identify are sufficiently similar to warrant comparison. *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1228 (11th Cir. 2019) (holding that "a plaintiff and her comparators must be sufficiently similar, in an objective sense, that they cannot reasonably be distinguished") (quotation omitted).

The Plaintiffs seem to fundamentally misapprehend their burden in countering Walmart's motion for summary judgment. They submit that the record evidence leaves many questions unanswered regarding the status and qualifications of the purported comparators as well as the reasons the Plaintiffs were paid less or not promoted. (Pls.' Reply at 162–63.) These blanks, the Plaintiffs insist, represent questions of fact that must be resolved by a jury. The Plaintiffs have it backwards: in order to survive Walmart's showing that the record as a whole could not lead a rational trier of fact to find in the Plaintiffs' favor, *the Plaintiffs themselves* are "required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 Fed. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). It is precisely the lack of evidence showing a connection between Walmart's discriminatory intent and the Plaintiffs' pay and promotion opportunities, at

this stage of the litigation, that prevents them from moving forward to a trial. The Plaintiffs do not get to have a jury decide their case if all they can establish is that it was possible they were discriminated against.

Accordingly, the Court **denies** the Plaintiffs' motion for reconsideration (**ECF No. 158**).

**Done and ordered**, in chambers at Miami, Florida, on September 19, 2019.

_____
Robert N. Scola, Jr.
United States District Judge